IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

PAUL A. CULBREATH,                     *
                                       *
                    Plaintiff,         *
vs.                                    *          No. 3:06cv0099 SWW
                                       *
                                       *
WILMA P. SMITH and,                    *
JARED BASSHAM and,                     *
JACK MCCANN, SHERIFF OF                *
CRAIGHEAD CO., and                     *
CRAIGHEAD COUNTY, ARKANSAS,            *
                                       *
                    Defendants.        *
                        _____

WILMA P. SMITH,                        *
                                       *
                    Counter-Claimant,  *
vs.                                    *
                                       *
                                       *
PAUL A. CULBREATH,                     *
                                       *
                    Counter-Defendant. *

<u>ORDER</u>

Plaintiff Paul A. Culbreath, who is appearing *pro se*, brings this action against

defendants, Craighead County, Arkansas, Wilma P. Smith, a school teacher with the City of

Jonesboro, Arkansas, public schools, Jared Bassham, an Investigator with the Craighead County

Sheriff's Department, and Jack McCann, Sheriff of Craighead County, for allegedly allowing

Smith, on May 11, 2004, to erroneously and maliciously file a falsified police report with the

Craighead County Sheriff's Department alleging that plaintiff had committed criminal felony

theft greater than $2,500.00 by failing to honor a contractual agreement for home repairs Smith

claims to have had with plaintiff.  Compl. at ¶¶ 2-3.  Plaintiff states he "brings this cause of

action under a [sic] 42 USC 1983 which present federal questions and jurisdiction is, therefore proper under 28 USC 1331 & 1343." *Id.* at ¶ 2.

The matter is before the Court on motion of separate defendant, Wilma Smith, to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) [doc.#19].  Plaintiff has responded in opposition to Smith's motion.  Having considered the matter, the Court finds that Smith's motion to dismiss should be and hereby is granted.

In considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), all facts alleged in the complaint are assumed to be true.  *Doe v. Northwest Bank Minn., N.A.*, 107 F.3d 1297, 1303-04 (8th Cir. 1997).  The complaint should be reviewed in the light most favorable to the plaintiff, *McMorrow v. Little*, 109 F.3d 432, 434 (8th Cir. 1997), and should not be dismissed unless it is clear beyond doubt that the plaintiff can prove no set of facts thereunder which would entitle him or her to relief.  *Hafley v. Lohman*, 90 F.3d 264, 266 (8th Cir. 1996), *cert. denied*, 117 S.Ct. 1081 (1997).  A motion to dismiss should be granted "'as a practical matter ... only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'"  *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

Smith moves to dismiss on grounds she is not a state actor and, thus, not liable under § 1983.[1]  In order to hold Smith liable under § 1983, plaintiff must show that Smith "acted under color of state law" and that she deprived him of rights, privileges, or immunities secured by the Constitution or federal law.  *Roe v. Humke*, 128 F.3d 1213, 1215 (8th Cir. 1997).  In *Roe*, the

---

[1] Smith also moves for dismissal pursuant to *Addington v. Wal-Mart Stores, Inc.*,105 S.W.3d 369 (Ark.App. 2003), on grounds that her statements to law enforcement officials are qualifiedly privileged.  The Court is unable to grant Smith's motion to dismiss for failure to state a claim on that basis, however, as the privilege may be lost where a statement is made with malice – a question of fact for the jury, *see id.* at 454, and plaintiff here alleges in his complaint that Smith's statements were malicious.

Eighth Circuit noted that "[i]t is firmly established that a defendant in a § 1983 suit acts under color of state law when he abuses the position given to him by the State.  Thus, generally, a public employee [acts] under color of state law, while acting in his official capacity or while exercising his responsibilities pursuant to state law."  *Id.* (citations omitted).  Furthermore, plaintiff's "deprivation must be caused by the exercise of some right or privilege created by the State, or by a rule of conduct imposed by the State, or by a person to whom the State is responsible."  *Id.*  In the end, there needs to be a clear intersection between the defendant's official conduct and the violation of the plaintiff's rights.  *See S.J. v. Kansas City Missouri Pub. Sch. Dist.*, 294 F.3d 1025, 1028 (8th Cir. 2002) (absent "some nexus" between teacher's governmental role and violation of student's rights, § 1983 claim against individual teacher must fail).

In this case, when, according to plaintiff, Smith erroneously and maliciously filed a falsified police report with the Craighead County Sheriff's Department alleging that plaintiff had committed criminal felony theft greater than $2,500.00, she was not acting in her capacity as a teacher but was acting as a private citizen; plaintiff has not alleged a nexus between any governmental role of Smith as a teacher and her alleged violation of his rights.  Smith, then, was not acting under color of law in engaging in the conduct of which plaintiff alleges and plaintiff thus fails to state a § 1983 claim against Smith.

Although not addressed by Smith, plaintiff also references what appears to be a "42 USC 1985(3) negligent infliction of emotional distress, and intentional infliction of emotional

distress" conspiracy claim in his complaint.  Compl. at ¶¶ 18-19.[2]  To the extent plaintiff is

asserting such a § 1985(3) conspiracy claim, his claim must fail because plaintiff does not allege,

nor does the complaint otherwise reveal, that any alleged conspiracy was "fueled by some 'class-

based, invidiously discriminatory animus,'" a requirement for proceeding under § 1985(3).  *Bell

v. Fowler*, 99 F.3d 262, 270 (8th Cir. 1996) (quoting *Bray v. Alexandria Women's Health Clinic*,

506 U.S. 263, 268 (1993)); *Carpenter Outdoor Advertising Co. v. City of Fenton*, 251 F.3d 686,

690 (8th Cir. 2001).

There remains Smith's state law breach of contract counterclaim against plaintiff based

on his alleged failure to complete the home improvements for which the parties contracted and

his unjust retention of the partial payment of $6,250.00.  Jurisdiction of this counterclaim is

based on supplemental jurisdiction, 28 U.S.C. § 1367.  However, given that Smith is no longer a

defendant in this action, this Court declines to exercise supplemental jurisdiction over her state

law claims against plaintiff and will *sua sponte* dismiss her counterclaim without prejudice.

IT IS THEREFORE ORDERED that Wilma P. Smith's motion to dismiss [doc.#19] be

and it hereby is granted.

IT IS FURTHER ORDERED that Wilma P. Smith's counterclaim be and it hereby is

dismissed *sua sponte* without prejudice.

Dated this 14th day of August, 2006.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff does not assert supplemental claims.  *See* Compl. at ¶ 2 (plaintiff's jurisdictional statement in which he states he brings this action only pursuant to 42 U.S.C. § 1983 based on federal question jurisdiction (28 U.S.C. § 1331) and civil rights jurisdiction (28 U.S.C. § 1343)).