IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| PAUL A. CULBREATH, | * | |
| | * | |
| Plaintiff, | * | |
| vs. | * | No. 3:06cv0099 SWW |
| | * | |
| | * | |
| WILMA P. SMITH and, | * | |
| JARED BASSHAM and, | * | |
| JACK MCCANN, SHERIFF OF | * | |
| CRAIGHEAD CO., and | * | |
| CRAIGHEAD COUNTY, ARKANSAS, | * | |
| | * | |
| Defendants. | * | |

_____

| | |
|---|---|
| WILMA P. SMITH, | * |
| | * |
| Counter-Claimant, | * |
| vs. | * |
| | * |
| | * |
| PAUL A. CULBREATH, | * |
| | * |
| Counter-Defendant. | * |

<u>MEMORANDUM AND ORDER</u>

Plaintiff Paul A. Culbreath, who is appearing *pro se*, brings this action against

defendants, Craighead County, Arkansas, Wilma P. Smith, a school teacher with the City of

Jonesboro, Arkansas, public schools, Jared Bassham, an Investigator with the Craighead County

Sheriff's Department, and Jack McCann, Sheriff of Craighead County, for allegedly allowing

Smith, on May 11, 2004, to erroneously and maliciously file a falsified police report with the

Craighead County Sheriff's Department alleging that plaintiff had committed criminal felony

theft greater than $2,500.00 by failing to honor a contractual agreement for home repairs Smith

claims to have had with plaintiff.  Compl. at ¶¶ 2-3.  Plaintiff states he "brings this cause of

action under a [sic] 42 USC 1983 which present federal questions and jurisdiction is, therefore proper under 28 USC 1331 & 1343." *Id.* at ¶ 2.

By previous Order [doc.#23], this Court granted the motion of separate defendant, Wilma Smith, to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) and *sua sponte* dismissed without prejudice her state law breach of contract counterclaim against plaintiff.  The matter is now before the Court on motion of the remaining defendants, Craighead County, Jared Bassham, and Jack McCann ("County defendants") for summary judgment [doc.#25].  Plaintiff has not responded to County defendants' motion and the time for doing so has passed.  For the reasons that follow, the Court hereby grants County defendants' motion for summary judgment.[1]


I.

On May 11, 2004, Wilma Smith, who identified herself as an employee of the Annie Camp Jr. High School, reported a theft to the Craighead County Sheriff's Department.  The incident was alleged to be a theft of property greater than $2,500, namely that Smith paid plaintiff $13,750 "to build on to house" but he never did any work.  Bassham prepared an Incident Report outlining Smith's allegations and advised Smith to contact the Craighead County Prosecuting Attorney's Office.  Plaintiff was not arrested, detained or charged with any criminal offense arising out of Smith's complaint, and Sheriff McCann was not involved in an investigation of plaintiff and did not direct any such investigation.  In addition, plaintiff does not

---

[1] Under Fed.R.Civ.P. 56, "an opportunity to submit briefs and supporting affidavits satisfies the parties right to be heard."  *Ivy v. Kimbrough*, 115 F.3d 550, 551 (8th Cir. 1997) (citations omitted).  In this regard, Rule 7.2 of the Local Rules of this Court gives the party opposing a motion for summary judgment eleven days to respond.  "After that eleven-day period, the court may treat the motion as submitted unless a party has requested, and the court has granted, more time for further briefing, for oral argument, or for an evidentiary hearing."  *See Kimbrough*, 115 F.3d at 551.  As previously noted, the plaintiff has not responded to County defendants' motion for summary judgment and has not requested an extension of time in which to file his response.  The Court thus considers County defendants' motion to be submitted.

dispute that the County defendants did not threaten to arrest plaintiff if he did not refund the

money paid by Smith, did not harass plaintiff or his family, and did not direct other deputies or

employees to harass plaintiff or his family.  *See* County Def.s' St. of Indisputable Mat. Facts at

¶¶ 1-10.[2]


## II.

County defendants move for summary judgment on grounds that plaintiff did not suffer a

deprivation of his constitutional rights and they are entitled to qualified immunity.  County

defendants argue there are no genuine issues for trial and that they are entitled to summary

judgment as a matter of law.


## A.

Summary judgment is appropriate when "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law."  Fed.R.Civ.P. 56(c).  As a prerequisite to summary judgment, a moving party

must demonstrate "an absence of evidence to support the non-moving party's case."  *Celotex

Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once the moving party has properly supported its

---

[2] Rule 56.1 of the Local Rules provides that "[a]ny party moving for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, shall annex to the notice of motion a separate, short and concise statement of the material facts as to which it contends there is no genuine issue to be tried."  Paragraph (b) of the rule provides that "[i]f the non-moving party opposes the motion it shall file, in addition to any response and brief, a separate, short and concise statement of the material facts as to which it contends a genuine issue exists to be tried."  The plaintiff has failed to file a statement of the material facts as to which he contends genuine issues exist to be tried and, thus, has admitted the facts as set forth by County defendants in their statement of material facts.  *See* Rule 56.1(c), which provides that "[a]ll material facts set forth in the statement filed by the moving party pursuant to paragraph (a) shall be deemed admitted unless controverted by the statement filed by the non-moving party under paragraph (b)."

motion for summary judgment, the nonmoving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).  The nonmoving party may not rest on mere allegations or denials of his pleading, but must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'"  *Id*. at 587 (quoting Fed.R.Civ.P. 56(e) and adding emphasis).  *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  The inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion.  *Matsushita*, 475 U.S. at 587 (citations omitted).  However, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  *Id*. (citation omitted).

## B.

As previously noted, plaintiff was not arrested, detained or charged with any criminal offense arising out of Smith's complaint, and he does not dispute that the County defendants did not threaten to arrest plaintiff if he did not refund the money paid by Smith, did not harass plaintiff or his family, and did not direct other deputies or employees to harass plaintiff or his family.  *See* County Def.s' St. of Indisputable Mat. Facts at ¶¶ 1-10; n.2, *supra*.[3]  Rather, it appears plaintiff is primarily contending that Bassham and McCann knew or with due diligence should have known Smith's allegation of theft was false but, nevertheless, prepared an Incident

---

[3] Although plaintiff alleged in his complaint that County defendants willfully prepared a falsified police report that contained slanderous and erroneous statements against him, threatened him with arrest, and harassed and intimidated he and his family, his complaint is not verified and this Court thus does not consider it an affidavit for purposes of summary judgment. *See Roberson v. Hayti Police Dept.*, 241 F.3d 992, 994 (8th Cir. 2001) (a plaintiff's verified complaint, which is a complaint signed and dated as true under penalty of perjury, is the equivalent of an affidavit for purposes of summary judgment).  Separate defendants Bassham and McCann, in contrast, have submitted affidavits in support of their motion for summary judgment.

Report based on her allegations. Bassham and McCann, who are being sued in both their individual and official capacity, argue they are entitled to qualified immunity.[4]

Qualified immunity shields government officials such as Bassham and McCann from suit unless their conduct violated a clearly established constitutional or statutory right of which a reasonable person would have known. *Littrell v. Franklin*, 388 F.3d 578, 582 (8th Cir. 2004) (citing *Yowell v. Combs*, 89 F.3d 542, 544 (8th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). What this means in practice is that whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful action generally turns on the objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken. *Id.* (citing *Wilson v. Layne*, 526 U.S. 603, 614 (1999)). "'[O]fficials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines.'" *Id.* (quoting *Maciariello v. Sumner*, 973 F.2d 295, 298 (4th Cir. 1992), *cert. denied*, 506 U.S. 1080 (1993)).

Courts employ a two-part inquiry to determine whether a lawsuit against a public official can proceed in the face of the official's assertion of qualified immunity. *Id.* (citations omitted). First, courts must consider whether, taken in the light most favorable to the party asserting the injury, the facts alleged show the officer's conduct violated a constitutional right. *Id.* Second, courts must ask whether the right was clearly established. *Id.* For a right to be deemed clearly established, the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. *Id.*

Plaintiff has not demonstrated that Bassham and/or McCann violated his constitutional

---

[4] Qualified immunity is a defense only against a claim in one's individual capacity. *See, e.g., Bankhead v. Knickrehm*, 360 F.3d 839, 844 (8th Cir.), *cert. denied*, 543 U.S. 818 (2004).

rights when an Incident Report based on Smith's allegations was prepared. There is no evidence in the record that Smith's allegations were false or that Bassham and/or McCann even suspected that Smith's allegations were false.[5] To the extent plaintiff is claiming Bassham and McCann violated his rights to due process when they failed to properly investigate Smith's theft allegation before preparing an Incident Report, such claim must fail as the "[n]egligent failure to investigate other leads or suspects does not violate due process." *Wilson v. Lawrence County,* 260 F.3d 946, 955 (8th Cir. 2001) (citations omitted). "Even allegations of gross negligence would not rise to the level of a constitutional violation." *Id.* Only reckless or intentional failure to investigate other leads offends a defendant's due process rights. *Id. See also Whitley v. Seibel,* 613 F.2d 682, 686 (7th Cir. 1980) (noting that while negligent acts in an investigation do not violate due process, intentional acts do). Here, plaintiff offers no evidence that Bassham and/or McCann acted in a reckless or intentional manner. Even if their conduct may have been negligent or even grossly negligent – and nothing in the record indicates that it was – such conduct does not implicate Fourteenth Amendment protections. *See Daniels v. Williams,* 474 U.S. 327 (1986); *Davidson v. Cannon,* 474 U.S. 344 (1986). Because the Court determines there is no evidence to support a valid constitutional claim against Bassham and/or McCann, it is unnecessary for the Court to address whether plaintiff's rights were clearly established.[6]

Concerning plaintiff's official capacity claims against Bassham and McCann, a lawsuit against a governmental actor in his official capacity is synonymous with a suit against the entity

---

[5] Plaintiff merely claims Bassham and McCann knew from their "many years of experience" that Smith's allegations described a civil matter between Smith and plaintiff.

[6] To the extent plaintiff asserts McCann is individually liable under a doctrine of respondeat superior, such claims must be dismissed because a supervisor may not be held liable under § 1983 on the basis of respondeat superior. *Tlamka v. Serrell,* 244 F.3d 628, 635 (8th Cir. 2001); *Miller v. Compton,* 122 F.3d 1094, 1100 (8th Cir. 1997).

itself.  Therefore, the official capacity claims against Bassham and McCann are actually claims against the County.  *Kentucky v. Graham,* 473 U.S. 159, 165 (1985) (official capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent).  *See also Spencer v. Knapheide Truck Equip. Co.*, 183 F.3d 902, 904-05 (8th Cir. 1999) (official-capacity claims against police board members must be treated as claims brought against municipality), *cert. denied*, 528 U.S. 1157 (2000); *Rogers v. City of Little Rock, Ark.*, 152 F.3d 790, 800 (8th Cir. 1998) (liability for city officials in their official capacities is another form of action against the city, and it requires the same showing that a policy or custom caused the alleged violation).  "This circuit has consistently recognized a general rule that, in order for municipal liability to attach, individual liability first must be found on an underlying substantive claim."  *McCoy v. City of Monticello,* 411 F.3d 920, 922 (8th Cir. 2005).  Because the Court determines Bassham and McCann are entitled to qualified immunity, it need not address the question of municipal liability.  Even addressing that question, plaintiff has not established municipal liability.

A plaintiff may establish municipal liability under § 1983 by proving that his constitutional rights were violated by an "action pursuant to official municipal policy" or misconduct so pervasive among non-policymaking employees of the municipality "as to constitute a 'custom or usage' with the force of law."  *Ware v. Jackson County, Mo.*, 150 F.3d 873, 880 (8th Cir. 1998) (quoting *Monell*, 436 U.S. at 691).  "Official policy involves 'a deliberate choice to follow a course of action * * * made from among various alternatives' by an official who [is determined by state law to have] the final authority to establish governmental policy."  *Id.* (quoting *Jane Doe A v. Special Sch. Dist.,* 901 F.2d 642, 645 (8th Cir. 1990)).

Alternatively, "custom or usage" is demonstrated by:

> (1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) the plaintiff's injury by acts pursuant to the governmental entity's custom, *i.e.*, proof that the custom was the moving force behind the constitutional violation. *Id.* (quoting *Jane Doe A,* 901 F.2d at 646).

Plaintiff has not presented any evidence whatsoever of any type of policy, ordinance, regulation or decision, whether written or otherwise, in support of his claim that his rights were violated by the preparation of an Incident Report based on a private citizen's allegedly false allegations. Plaintiff thus has not established that the acts of which he complains were part of an official policy of Craighead County. *Cf. Veneklase v. City of Fargo*, 248 F.3d 738, 748 (8th Cir.) (no evidence existed in the record that City followed a custom of having its police officers arrest picketers who were not in violation of the law), *cert. denied*, 534 U.S. 815 (2001).

Assuming plaintiff is arguing misconduct so pervasive among non-policymaking employees of the municipality "as to constitute a 'custom or usage' with the force of law," plaintiff has not in any way demonstrated (1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) the plaintiff's injury by acts pursuant to the governmental entity's custom, *i.e.*, proof that the custom was the moving force behind the constitutional violation. *Ware*, 150 F.3d at 880. In this respect, plaintiff, among other deficiencies, does not even allege one other instance of misconduct of the kinds alleged in the complaint. *Cf. Andrews v. Fowler*, 98 F.3d 1069, 1076 (8th Cir. 1996)

(noting that "two specific prior complaints ... and the various rumors that do not implicate a particular officer pale in comparison to the type of prior complaints" that have been held to constitute a persistent and widespread pattern of misconduct).

Accordingly, whether plaintiff's argument is that his constitutional rights were violated by an action pursuant to official municipal policy, or that his injuries resulted from misconduct so pervasive among non-policymaking employees of the municipality as to constitute a custom or usage with the force of law, he has not established municipal liability.

Plaintiff also references what appears to be a "42 USC 1985(3) negligent infliction of emotional distress, and intentional infliction of emotional distress" conspiracy claim in his complaint.  Compl. at ¶¶ 18-19.[7]  To the extent plaintiff is asserting such a § 1985(3) conspiracy claim, his claim must fail because plaintiff does not allege, nor does the record otherwise reveal, that any alleged conspiracy was "fueled by some 'class-based, invidiously discriminatory animus,'" a requirement for proceeding under § 1985(3).  *Bell v. Fowler*, 99 F.3d 262, 270 (8th Cir. 1996) (quoting *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268 (1993)); *Carpenter Outdoor Advertising Co. v. City of Fenton*, 251 F.3d 686, 690 (8th Cir. 2001). Moreover, plaintiff presents no material facts, circumstantial or otherwise, that the defendants formed an agreement to violate any of his rights.  *See Reasonover v. St. Louis County, Mo.*, 447 F.3d 569, 587 (8th Cir. 2006).

III.

---

[7] Plaintiff does not assert supplemental claims.  *See* Compl. at ¶ 2 (plaintiff's jurisdictional statement in which he states he brings this action only pursuant to 42 U.S.C. § 1983 based on federal question jurisdiction (28 U.S.C. § 1331) and civil rights jurisdiction (28 U.S.C. § 1343)).

For the foregoing reasons, the Court finds that County defendants' motion for summary judgment [doc.#25] should be and hereby is granted.  Judgment will be entered accordingly.

IT IS SO ORDERED this 11th day of September, 2006.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE